**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. JOSHUA ANDRE GARZA, )<br>an individual, )<br>          **Plaintiff,** )<br>vs. )<br>)<br>)<br>1. CITY OF BROKEN ARROW, )<br>a municipal corporation, )<br>          **Defendant** )<br>)<br>) <br>) | Case No. 19-CV-423-TCK-JFJ<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>**ATTORNEY LIEN CLAIMED<br>FOR THE FIRM** |

## COMPLAINT

**COMES NOW** the Plaintiff, Joshua Andre Garza ("Plaintiff"), through his attorneys of record, Charles C. Vaught and Jessica N. Vaught of *Armstrong & Vaught, P.L.C.* and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* against City of Broken Arrow ("Defendant"). In support thereof, Plaintiff hereby states and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on violations of the Title VII of the Civil Rights Act.

2. Declaratory relief is sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

1

§ 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Broken Arrow, Tulsa County, Oklahoma.

6. The Broken Arrow Police Department is a department within the City of Broken Arrow. Defendant, City of Broken Arrow, was at all times relevant hereto, a municipality located in the federal judicial district for the Northern District of Oklahoma and a municipal corporation pursuant to 11 O.S. §22-10 *et. seq.*

7. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

8. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC") less than 300 days after the events described herein occurred. Subsequently, Plaintiff submitted a Charge of Discrimination, prepared by the EEOC, to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on May 1, 2019 (attached as Exhibit 1 hereto and hereby incorporated by reference as though fully set forth herein), which was received by Plaintiff via regular mail on May 6, 2019.  Plaintiff has timely filed his *Complaint* within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

9. Defendant is an employer as defined by Title VII, in that it was a public entity engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

10. Plaintiff was, at all times relevant hereto, an employee as defined by Title VII.

## OPERATIVE FACTS

10. Plaintiff is currently employed with the Muskogee Police Department.

11. Plaintiff applied to work with the Broken Arrow Police Department on December 5, 2016, for a job as a police officer

12. Defendant advertised the job posting online and through a Channel 6 News recruiting video filled with Caucasian officers

13. On April 1, 2017, Plaintiff underwent the written and physical exam portion of the application process. Plaintiff scored 92% on the written portion and exceeded expectations on the physical exam by doing more than the minimum standard of pushups and sit-ups. Plaintiff also completed the obstacle course in a faster time than the minimum standard.

14. On April 20, 2017, Plaintiff had an interview with the oral board.

15. Training Officer Aaron Wylie informed Plaintiff that his interview was "one of the best ever" and that he scored close to the maximum amount of points.

16. On May 12, 2017, Plaintiff underwent a Command Staff Interview, which is essentially a background interview. Broken Arrow Police Department Command Staff conducted this interview with Plaintiff. Major Mark Irwin spent most of the interview on his cellphone. The command staff asked Plaintiff questions about whether he could calm down even though he never received any write-ups regarding behavior in his past or present employment. Plaintiff further spoke of his work in the Hispanic community and that he believed a Spanish language Citizens Academy could have a positive effect. Major Scott Bennett told Plaintiff that he attempted a Spanish language Citizens Academy but said it did not work nor would it ever.

17. Officer Chane Cothran conducted a background questionnaire with Plaintiff over the phone. Officer Cothran asked Plaintiff to provide two additional non-law enforcement references and

to provide him with two police officers that had a "negative" view of Plaintiff at the Muskogee Police Department.

18. On May 26, 2017, Plaintiff emailed Mr. Cothran the two additional non-law enforcement references.

19. Plaintiff later discovered that most of his references, including the two additional non-law enforcement references requested were never contacted. The two Muskogee Police Officers, that had negative views of Plaintiff, spoke of their dislike of the division where Plaintiff worked but did not have a personal problem with him.

20. On June 7, 2017, Officer Cothran conducted a home interview. During this interview, he spoke to Plaintiff's wife, Laura Garza and his two children, ages 3 and 7. Officer Cothran told Mrs. Garza that he had "heard good things" about Plaintiff. Further, Officer Cothran told Mrs. Garza that he was not interviewing Plaintiff's references because he was "tired of hearing how good [Plaintiff] was."

21. On June 16, 2017, Plaintiff underwent a polygraph test. An Owasso Police Department officer conducted the test and marked Plaintiff as truthful.

22. On August 11, 2017, David Boggs, Chief of Police for Broken Arrow Police Department, interviewed Plaintiff in his office. Chief Boggs rushed through this interview and it lasted a short time. During this interview, Plaintiff discussed his previous work with the Hispanic community. Chief Boggs told Plaintiff that his department had attempted this kind of work with little success. At the conclusion of the interview, Chief Boggs informed Plaintiff that "all applicants are equally qualified, but we want someone who will be a 'good fit.'"

23. On August 17, 2017, Plaintiff received a phone call from Office Cothran advising Plaintiff that Chief Boggs "finalized his list" and that Plaintiff had not been included in the list.

24. Broken Arrow Police Department hired Lance Hamm and Connor Poole, Caucasians, previous law enforcement officers in Muskogee in the past. Mr. Poole is one of the officers selected instead of Plaintiff.

25. Plaintiff believes that Defendant subjected him to disparate treatment, based on his race and/or National Origin, to wit: Hispanic, in violation of Title VII of the Civil Rights Act.

## FIRST CLAIM
### (RACE / NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII)

26. Plaintiff incorporates and re-alleges the above paraphs as though fully set forth herein and would further state, as follows:

27. That, as a member of a protected class, to wit: Hispanic, Plaintiff is protected from discrimination by the provisions of Title VII.

28. That the refusal to hire Plaintiff was a direct result of discrimination on the basis of Plaintiff's race and/or National Origin, to wit: Hispanic, as prohibited by Title VII.

29. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on his race and/or National Origin, to wit: Hispanic, as prohibited by Title VII.

30. That the conduct complained of constitutes illegal race and/or National Origin discrimination in violation of Title VII.

31. By and through, but not limited to, the actions described herein, Defendant has violated Title VII.

32. Defendant's actions were willful and recklessly indifferent to Plaintiff's rights, thus warranting punitive damages.

33. As a direct and proximate result of Defendant's action, Plaintiff has, is now and will continue to suffer lost wages, fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

34. Plaintiff has been injured by this discrimination and is entitled to compensatory and punitive damages and any other damages available pursuant to Title VII.

**WHEREFORE**, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: declares the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; to enjoin the Defendant from engaging in such conduct; enter a judgment for Plaintiff in an amount equal to the actual damages, compensatory damages and punitive damages incurred for Defendant's violation, all in excess of $100,000.00, plus interest, costs and attorney fees; grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
*Attorney for Plaintiff*

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Joshua A. Garza<br>1237 W. Knoxville St.<br>Broken Arrow, OK 74012 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2018-00112 | Marilyn S. Koshiway,<br>Investigator | (405) 231-4359 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Marilyn S. Koshiway_  May 1, 2019
Holly Waldron Cole,  (Date Mailed)
Area Office Director

Charles S. Plumb
MCAFEE & TAFT
Two W. Second Street, Suite 1100
Tulsa, OK 74103

Charles C. Vaught
ARMSTRONG & VAUGHT PLC
2727 E. 21st Street, Ste. 505
Tulsa, OK 74114

RECEIVED 5-6-2019

Enclosure with EEOC

**Exhibit 1**

7